**Abatement Order filed November 26, 2013.**



In The

## Fourteenth Court of Appeals
_____

NO. 14-13-00502-CV
_____

**CHRISTINE E. REULE, Appellant**

**V.**

**M & T MORTGAGE, M & T BANK BAYVIEW LOAN SERVICING, LLC, BAYVIEW FINANCIAL TRADING GROUP, LP, BAYVIEW FINANCIAL LP AND HUGHES, WATTERS, ASKANASE, LLP, Appellees**

On Appeal from the 234th District Court
Harris County, Texas
Trial Court Cause No. 2008-75636

## ABATEMENT ORDER

This is an appeal from a final judgment signed September 3, 2013. Appellant's motion challenging the trial court's ruling sustaining a contest to her affidavit of indigence was granted by operation of law because the record from the contest was not filed by the deadline set out in the Rules of Appellate Procedure. *See* Tex. R. App. P. 20.1(j)(4). Pursuant to this court's order, a substitute court

reporter, Alexandra Lindsey McMillen, filed the reporter's record from the trial on October 30, 2013. The official court reporter, Norma Duarte, also filed on August 30, 2013, the reporter's record from May 29, 2013, pre-trial proceedings. The record appeared complete and appellant's brief was set due on November 29, 2013. *See* Tex. R. App. P. 38.6(a).

On October 31, 2013, the official court reporter, Norma Duarte, notified this court that on September 3, 2013, appellant requested preparation of "all records" in this case. We note that this case was filed in 2008, and court reporters are required to preserve their notes for three years from the date on which they were taken. *See* Tex. Gov't Code § 52.046(a)(4). Ms. Duarte provided a list of proceedings that she reported in this case, and she requests clarification about which records are required for this appeal. The list of additional hearings for which a reporter's record has not been filed, as provided by the official court reporter, is as follows:

2/2/09 Pauper's oath ;
4/27/09 Temporary Injunction;
7/6/09 Re: Mailing motions (transcribed);
3/21/11 Motion to reinstate;
7/18/11 Motion to withdraw summary judgment (transcribed);
8/29/11 Motion to compel (transcribed);
9/19/11 Motion to shorten time;
10/17/11 Motion to Compel;
11/21/11 TRO Rule 11 Agreement;
12/5/11 Motion for summary judgment;
1/29/12 T.I. Continued;
1/23/12 Motion to extend TRO;
2/23/12 Motion for Protection;
4/9/12 Motion for Sanctions;
8/29/12 Motion to Strike;

9/10/12 Motion to strike pleadings;

12/10/12 Motion to reconsider;

2/25/13 Motions;

5/1/13 Motion;

6/24/13 Post-trial hearing reported by deputy reporter Alexandra McMillen;

9/3/13 Entry of Judgment.

On November 22, 2013, appellant filed a motion to compel the court reporter to file the record and for an extension of time to file her brief. Appellant did not identify what records are missing. In her request to the Official Court Reporter for preparation of the reporter's record that is contained in the clerk's record, appellant requested "transcripts of all records you have taken in this case." The request to the court reporter must "designate the portions of the proceedings to be included." Tex. R. App. P. 34.6(b).

According to the Rules of Appellate Procedure, "the reporter's record consists of so much of the proceedings, and any of the exhibits, that the parties to the appeal designate." Tex. R. App. P. 34.6(a)(1). It is unclear whether appellant has actually "designated" preparation of these records. In addition, we note that although appellant is not required to pay costs in *advance* for preparation of the record, costs may be assessed against appellant if she has a later ability to pay some or all of the costs. *See* Tex. R. App. P. 20.1(m). With these considerations in mind, it appears to this court that a determination should be made as to which additional records are necessary to this appeal. Accordingly, we issue the following order.

We order the appeal abated and direct the trial court to conduct a hearing to determine which records from the hearings listed above, if any, are necessary to the appeal. The court is directed to reduce its findings to writing and to have a

supplemental clerk's record containing those findings filed with the clerk of this court, together with a reporter's record from the hearing, on or before **December 27, 2013.**

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's findings and recommendations are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by any party, or the court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

PER CURIAM